UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE CEMENT MASONS & PLASTERERS HEALTH & WELFARE TRUST et al., <br><br> Plaintiffs, <br> v. <br><br> LEEWENS CORPORATION, <br><br> Defendant. | CASE NO. 2:23-cv-01626-TL <br><br> ORDER ON MOTION FOR VOLUNTARY DISMISSAL |

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal. Dkt. No. 14. Having considered Defendant's Response (Dkt. No. 16), Plaintiffs' Reply (Dkt. No. 22), and the relevant record, the Court GRANTS Plaintiffs' Motion.

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court, and provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request

ORDER ON MOTION FOR VOLUNTARY DISMISSAL - 1

1 only by court order, on terms that the court considers proper . . . ." Fed. R. Civ. P. § 41(a)(2). "In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court," and such motions should be "liberally granted, as long as no other party is prejudiced." *Mayes v. Fujimoto*, 181 F.R.D. 453, 458 (D. Haw. 1998) (first citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980), then citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Thus, the Court must consider whether Defendant will suffer "plain legal prejudice" as a result of dismissal, which is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.* (quoting *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996)).

Because Defendant asserts that it consents to the dismissal of all causes of action by Plaintiffs (Dkt. No. 16 at 1), the Court finds that it would suffer no legal prejudice as a result of dismissal. Grant of Plaintiffs' request for voluntary dismissal is therefore appropriate.

However, the Court agrees with Defendant's contention that voluntary dismissal pursuant to Rule 41 does not deprive the Court of the ability to adjudicate fees and costs. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending . . . . Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees.'" (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 n.13 (1982))). Consequently, the Court expressly retains jurisdiction over any forthcoming motion for fees and costs by Defendant.

//

//

Accordingly, the Court GRANTS Plaintiffs' Motion for Voluntary Dismissal (Dkt. No. 14) and STRIKES Defendant's Motion for Summary Judgment (Dkt. No. 17) as moot. Defendant is ordered to file any motion for fees and costs **by no later than March 7, 2025**.

Dated this 21st day of January 2025.

Tana Lin
United States District Judge